David S. Lynch
Texas Bar No. 12725825
Coats, Rose, Yale, Ryman & Lee, a Professional Corporation
3 Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone:  (713) 651-0111
Facsimile:  (713) 651-0220

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COATS, ROSE, YALE, RYMAN & LEE, A PROFESSIONAL CORPORATION<br><br>Plaintiff<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY<br><br>Defendant | §§§§§§§§§§§§§ CIVIL ACTION NO. _____ |

## ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW COATS, ROSE, YALE, RYMAN & LEE, a Professional Corporation ("Coats|Rose"), Plaintiff, and files this its Original Complaint for Declaratory Judgment:

### PARTIES

1.  Coats|Rose is a professional corporation incorporated in the State of Texas and has its principal place of business in the State of Texas. Coats|Rose has an office in Dallas, Texas.

2.  Navigators Specialty Insurance Company ("Navigators') is an insurer whose administrative officers are in Rye Brook, New York, and statutory home office and principal place of business is One Pen Plaza, 32nd Floor, New York, New York 10119. Navigators is a

surplus lines insurance company which may be served with summons and a copy of the Original Complaint and Request for Declaratory Judgment by certified mail, return receipt requested, to the Secretary of State of the State of Texas, who shall then mail a copy of the summons and Complaint to Navigators' home office at 6 International Drive, Suite 100, Rye Brook, New York 10573.

## JURISDICTION AND VENUE

3. Complete diversity of citizenship exists between Plaintiff and Defendant in that Coats|Rose is a Texas professional corporation having its principal place of business in the State of Texas and Navigators is a new York corporation having its principal place of business in the State of New York. 28 U.S.C. § 1332. The amount in controversy, excluding interest and costs, exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), as required by 28 U.S.C. § 1332(a). This Court has jurisdiction over the parties and the controversy. Venue is proper in the Northern District of Texas, as the lawsuit made the subject matter of this action for declaratory judgment is pending in the 192nd District Court of Dallas County, Texas, Cause No. 10-7195 (the "Lawsuit") (Exhibit 1).

## BACKGROUND FACTS

4. Coats|Rose was named as a defendant in the Lawsuit and timely tendered the defense of the Lawsuit to Navigators and requested Navigators provide an unqualified defense.

5. Navigators issued a policy of insurance under which Coats|Rose is an insured, policy number NY10LPL557085NC with a renewal of NY09LPL557085NC, with effective dates from January 1, 2010 to January 1, 2011 (the "Policy") (Exhibit 2).

6. Instead of providing a complete defense, Navigators provided a defense to Coats|Rose subject to a reservation of rights (Exhibit 3).

7. The reservation of rights by Navigators alleged significant claims in the Lawsuit were not covered by the Policy, including, for example, declaratory judgment; any monetary award granted to plaintiffs that does not fall within the scope of coverage; reduction or restitution of fees, expenses or costs for professional services performed by Coats|Rose (Exhibit 3, pp. 4-5). Navigators also reserved the right to raise other terms, conditions and exclusions in the Policy. *Id.*

8. Coats|Rose hired the firm of Williamson & Rusnak to defend Coats|Rose prior to Navigators reservation of rights and Williamson & Rusnak has filed an answer on behalf of Coats|Rose prior to Navigators' reservation of rights.

9. Coats|Rose had a $50,000 deductible and Navigators agreed that part of Williamson & Rusnak's bill that had been paid by Coats|Rose would be credited against that deductible.

10. Coats|Rose agreed to reduce the Williamson & Rusnak bill by $2,475.00 at the request of Navigators, resulting in Navigators crediting $35,615.00 of the Williamson & Rusnak bills against the $50,000.00 deductible.

11. After Coats|Rose had made significant payments to its attorney, who was already counsel of record and deeply involved in the case, Navigators, inexplicably, decided that Navigators would not pay any more of Williamson & Rusnak's bills.

12. Coats|Rose asked on a number of occasions why Navigators was taking this position and never received an adequate answer. Coats|Rose, at Navigators' request, reluctantly agreed that the law firm of Almanza, Blackburn & Dickie could participate with Williamson & Rusnak in the defense.

13. Williamson & Rusnak and Almanza, Blackburn & Dickie have worked together on the defense of the Lawsuit and divided up tasks needed for the defense.

14. Navigators has refused to pay any reasonable sum for the work performed by Williamson & Rusnak for the defense of the malpractice claim.

15. Coats|Rose has made a number of attempts to work out a reasonable allocation of the work done by Williamson & Rusnak on the defense of the professional malpractice claim.

16. Finally, on March 21, 2011, Coats|Rose made one last attempt to get Navigators to comply with its defense obligations (Exhibit 4).

17. As of March 25, 2011, Coats|Rose has advanced $259,362.57 to Williamson & Rusnak for attorneys' fees and expenses.

18. Although Navigators has offered to pay some of the attorneys' fees for lawyers at Williamson & Rusnak, Navigators has paid nothing to Williamson & Rusnak since the initial credit on October 8, 2010 given to Coats|Rose as part of the deductible.

19. Navigators reserved all of its rights under the Policy and applicable law, including the right to raise other terms, conditions and exclusions in the Policy, in the event that is appropriate.

20. Navigators has not reserved its right to deny coverage for a fraud claim.

21. Coats|Rose would show that the Policy contains the following provision in Section 1.(B) that sets out Navigators' duty to provide an unqualified defense:

> B. Defense
>
> > The Company shall have the right and duty to defend, in the Insured's name and on the Insured's behalf, a claim covered by this policy even if any of the allegations of the claim are groundless, false or fraudulent. The Company shall have the right to appoint counsel and to make such investigation and defense of a claim as is deemed necessary by the Company. If a claim shall be

>   subject to arbitration or mediation, the Company shall be entitled to exercise all of the Insured's rights in the choice of arbitrators or mediators and in the conduct of an arbitration or mediation proceeding.

Exhibit 2 at p.1.

22. Navigators is liable for all defense costs and expenses incurred after Navigators received notice of the Lawsuit.

23. Coats|Rose would further show that Navigators has the obligation to identify and prove which of the legal expenses and fees relate solely to the Coats|Rose counterclaim for affirmative relief in the Lawsuit or, at least, prove why the allocation and segregation offered by Coats|Rose is incorrect.

## RELIEF REQUESTED

24. Coats|Rose requests that this Court enter a judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and also 28 U.S.C. § 2201, 2202, declaring that Navigators has the obligation under the Policy to pay for any attorney fees and expenses incurred in the defense of Coats|Rose.

25. Coats|Rose also requests that this Court make the following declarations:

   A. That Navigators has the duty to defend Coats|Rose against all of the claims made by the plaintiffs against Coats|Rose in the Lawsuit;

   B. That Navigators make prompt payment of all of the fees paid by Coats|Rose in defense of the claims made by plaintiffs against Coats|Rose in the Lawsuit.

   C. That the interests of Coats|Rose and Navigators are in conflict, based upon the reservation of rights letter (Exhibit 3);

   D. That Coats|Rose has the right to choose defense counsel because of a disqualifying conflict of interest;

  E. That Coats|Rose's demand for a defense was a first party claim within the meaning of Texas Insurance Code, Article 542.051-061; and

  F. That Navigators reimburse Coats|Rose for all sums advanced by Coats|Rose to the Williamson & Rusnak firm for defense of the malpractice claim.

26. Coats|Rose would further show that, based upon the facts recited above, Navigators has waived or is estopped from claiming that Navigators has the right to choose counsel for defense of the Lawsuit.

27. The conduct of Navigators, as described in the preceding paragraphs, violates the provisions of Article 542.051-061 of the Texas Insurance Code.

28. Because of the violation by Navigators of Article 542-051-061 of the Texas Insurance Code, Coats|Rose is entitled to all relief and remedies allowed by the Texas Insurance Code, including, without limitation, defense costs advanced by Coats|Rose, statutory interest, statutory penalties, and attorneys fees.

29. Exhibits 1, 2, 3, and 4 are true and correct copies of the documents.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Coats|Rose, respectfully prays that Navigators be cited to appear and answer herein, and that, upon hearing, this Court:

(i) Enter a judicial declaration as set forth in ¶25, *supra*, and that Navigators be obligated to promptly pay for defense costs and expenses in the Lawsuit for any and all of the claims made by the plaintiffs in the Lawsuit;

(ii) Grant Coats|Rose judgment against Navigators for the defense costs paid by Coats|Rose in connection with the Lawsuit,

(iii) Grant Coats|Rose judgment against Navigators for reasonable and necessary attorneys' and paralegals' fees for the prosecution of this civil action, through trial and appeal, in an amount to be determined at a trial on the merits;

(iv) Grant Coats|Rose reasonable and necessary expert witness fees through trial and appeal in an amount to be determined at a trial on the merits;

(v) Assess statutory penalties, interest, and costs of Court against Navigators, in favor of Coats|Rose; and

(vi) Grant Coats|Rose such other and further relief, whether at law or in equity, general or special, to which Coats|Rose may show itself to be justly entitled.

Respectfully submitted,

By: *[signature]*
David S. Lynch
Texas Bar No. 12725825

Attorneys for Plaintiff, Coats, Rose, Yale, Ryman & Lee, a Professional Corporation

Of Counsel:

Coats, Rose, Yale, Ryman & Lee, a Professional Corporation
3 Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone: (713) 651-0111
Facsimile: (713) 651-0220

1594520.1/1.82503